MUNICIPAL OFFICERS — CONFLICT OF INTEREST Your question of whether provisions of a city charter, State statutes, or constitutional law prohibit a city councilman who is an attorney from representing clients in lawsuits or claims against the City; representing clients in negotiations of contracts or other matters with the City; or representing defendants in the Municipal Court in regard to charges filed for violation of the City's ordinances cannot be answered as a matter of law. When an actual controversy arises regarding an individual attorney's professional conduct, it presents a question of fact to be resolved by the parties involved, the State Bar Association, and ultimately if necessary, the Supreme Court. The Attorney General has considered your letter wherein you request an opinion on the following questions: "Would provisions of a city charter, State Statutes, or constitutional law prohibit a city councilman who is an attorney from the following: "(a) Representing clients in lawsuits or claims against the City; "(b) Representing clients in negotiations of contracts or other matters with the City; or "(c) Representing defendants in the Municipal Court in regard to charges filed for violation of the City's ordinances?" Neither the Constitution nor any statutory law of the State of Oklahoma provides for standards of conduct or establishes conflicts of interest for municipal officers and employees. The questions posed are questions to be determined in each circumstance under provisions of the city charter or by ethical standards established by the Oklahoma Bar Association and the Oklahoma Supreme Court. Under those standards the questions can be determined when the fact situation is clear, undisputed, and presented to the appropriate body. Nothing herein is to be construed to indicate that any one of the activities presented in your letter might not be held to be violative of the City Charter or of the individual's ethical code as an attorney. While there is no specific statutory authority prohibiting an individual from engaging in activities as outlined in your letter, an attorney is continuously subject to the Canons of Ethics for Attorneys as set forth in The Code of Professional Responsibility, Title Five, Ch. One, App. Three, Oklahoma Statutes, 1971. Section 13 of Title Five, O.S., 1971, vests in the Supreme Court of the State of Oklahoma the exclusive power and authority to discipline attorneys and counselors at law or to revoke the permit to practice law granted them. The Supreme Court heretofore has, in Supreme Court Bar Decision No. 2212, adopted as the standard of conduct of all members of the Oklahoma Bar Association the Code of Professional Responsibility, supra. It follows, therefore, that the Code of Professional Responsibility provides the standards by which an attorney licensed to practice law in the State of Oklahoma is to be guided. The ultimate authority to determine that which constitutes a sufficient departure from these guidelines to require disciplinary measures is by statute, reserved to the State Supreme Court. It is the opinion of the Attorney General that your questions cannot be answered as a matter of law. When an actual controversy arises regarding an individual attorney's professional conduct, it presents a question of fact to be resolved by the parties involved, the State Bar Association, and ultimately if necessary, the Supreme Court. (William Don Kiser)